GRAND LODGE KNIGHTS OF PYTHIAS *et al. v.* CRESWILL *et al.*

ROAN, J.   1. When an equitable petition was filed by certain members and officers of a fraternal order not incorporated in this State, on behalf of themselves and other members, and on demurrer raising, among other points, the point of want of proper parties, and that it appeared that the Supreme Lodge of the order was a corporation of the District of Columbia and was not made a party, an amendment was presented for the purpose of making it a party, adding other allegations, and by order of the court the amendment was allowed, the Supreme Lodge was made a party, and the case was directed to proceed on behalf of both it and the original plaintiffs, to which order no exception was taken, this operated as an adjudication that there was an action pending with sufficient parties to authorize amendment, and that the party added was a proper party.

2. Inasmuch as some of the plaintiffs are members and officers of an unincorporated fraternal association of this State, and proceeding by equitable petition filed by themselves and others of the class, and another plaintiff is the Supreme Lodge of the organization incorporated in the District of Columbia, and the defendants have been operating and are seeking to be incorporated in this State under a name which is claimed to be an infringement of the name of the plaintiff's association, and the question is involved whether and how far the plaintiff which is a foreign corporation might be affected by the State's granting a charter to the defendants as a domestic corporation in the name and for the purpose asked, and also whether there is a fraudulent purpose or design to so infringe, under all the evidence the presiding judge should have enjoined the defendants from obtaining the charter applied for, so as to preserve the status in respect thereto until, on final jury trial, all of the questions of law and fact can be fully adjudicated.

3. Having determined that the court erred in refusing to grant an injunction as to the charter applied for, we allow the ruling of the chancellor denying the injunction in other matters to stand until the final trial or further order of court, leaving open all the other questions for future determination.  See *Foster* v. *Blood Balm Co.*, 77 *Ga.* 216.

4. The rulings here made do not conclude any questions of law or fact on the final trial of the case, except as ruled above, and all are left open to be then determined.            *Judgment affirmed, with direction.*

Chief Justice Fish and Associate Justices Evans and Atkinson being disqualified, Judges Gober, of the Blue Ridge circuit, Roan, of the Stone Mountain circuit, and Edwards, of the Tallapoosa circuit, were designated to preside in their stead.

Argued February 23,—Decided July 19, 1907.

Petition for injunction.  Before Judge Pendleton.  Fulton superior court.  December 12, 1906.

*John P. Ross* and *Hamilton Douglas,* for plaintiffs.

*Bell, Pettigrew & Bell,* for defendants.